Wheeler vs. Wheeler.

WHEELER, Respondent, vs. WHEELER, Appellant.

*April 11 — April 29, 1890.*

*Void marriage: Annulment: Restitution of wife's estate.*

Under sec. 2351, R. S., an action may be maintained to annul a marriage void under sec. 2349 because the wife had at the time a former husband living; and in such action restitution to the wife of any estate which the husband may have received from her may be decreed. Sec. 2371, R. S.

APPEAL from the Circuit Court for *Waukesha* County. The case is stated in the opinion.

For the appellant there was a brief by *T. W. Haight* and *Warham Parks*, and oral argument by *Mr. Haight*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

ORTON, J. This is an action for divorce on the ground of cruel and inhuman treatment. The defendant answered, denying the charges of cruel and inhuman treatment, and alleging irascible temper and personal abuse on the part of the plaintiff, and finally her desertion without cause. By

an amended answer to the complaint, the defendant alleged that the plaintiff was the lawful wife of one Lockwood Fletcher Prindle when he intermarried with her, and is yet; and that said Prindle is still living, and that therefore his marriage with her was void.

The case was tried on this last issue for annulling the marriage, and the court found the facts stated to be true, and rendered judgment annulling the marriage of the parties on that ground.

The plaintiff in her complaint stated that the defendant had real estate of the value of $8,000 and personal property of the value of $5,000, and that he received from her the sum of $5,000, and she prayed for general relief in addition to a divorce. On the judgment annulling the marriage the court made an order that the case be referred to take testimony on that issue, and report the same to the court. From that order this appeal is taken.

The learned counsel of the appellant contends that the case was not one for annulling the marriage, for the marriage was, *ipso facto*, absolutely null and void, as if there had been no marriage, and that there was no marriage to annul, and that therefore this proceeding to have her own property restored to her is not authorized or sanctioned by the statute. On the theory of the learned counsel it would seem as if the court having jurisdiction of the cause might properly retain it to cause the defendant to restore to the plaintiff what he had obtained from her under the *semblance* of a marriage, treating the parties as strangers to each other, and not as husband and wife. But, however that may be, the statute seems to warrant the proceeding. Sec. 2351, R. S., provides that, " when a marriage is supposed to be void, or the validity thereof is disputed for any of the causes mentioned in the two next preceding sections, either party thereto may commence *an action to annul the same*, in which the court shall render such judgment as shall be

just." The first of the above "two next preceding sections" (sec. 2349, R. S.) provides that "all marriages which are prohibited by law on account . . . of either of the parties having a former husband or wife then living, shall . . . be absolutely void," etc. This seems to be plain, that such a pretended marriage, although void in law, may nevertheless be *annulled* by the judgment of the court, in an action commenced for that purpose, and on such ground. There is nothing strange or unusual about such a jurisdiction. Courts are every day annulling written instruments void in law. The object is to have the facts adjudicated, and a conclusive judgment upon the question, so that all parties may know their rights and act accordingly.

The section of the statutes (2371, R. S.) upon which this proceeding is based reads as follows: "Upon rendering a judgment *annulling* a marriage, the court may make provision for restoring to the wife the whole, or any such part as it shall deem just and reasonable, of any estate which the husband may have received from her, or the value thereof, and may compel him to disclose what estate he shall have received and how the same has been disposed of." Language could not make this clearer. There is no chance for argument or construction. In ordinary cases, and where the marriage is valid, the judgment is to *dissolve* the marriage contract or relation, and for a *divorce;* but where the marriage is void, the judgment is to *annul* it. The proceeding was regular and according to law.

*By the Court.* — The order of the circuit court is affirmed.