WHEELER, Respondent, vs. WHEELER, Appellant.

*February 28 — March 17, 1891.*

*Annulment of marriage: Return of property.*

1. Upon annulling a marriage, the court may, under sec. 2371, R. S., compel the husband to return to the wife money which he had received from her and interest thereon, even though the marriage was void in law.
2. In such a case, where it appears that after the supposed marriage the wife continued to carry on her business, which was conducted by the husband, *held*, that it was not unreasonable to award to the wife one half the net profits of the business, with interest.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

For the appellant it was submitted on the brief of *T. W. Haight.* He contended that the statute only authorizes the return to the wife of the estate received from her, and it was error to award to her interest thereon, or the profits of the business subsequently carried on. The courts cannot extend the operation of the statute. *Sydnor v. Palmer*, 29 Wis. 253. To apply the statute in such a case as this, where part of the property was real estate, and the amount was determined by a referee, and compel a return of more than the exact property received or its equivalent, would prob-

ably conflict with the provisions of sec. 5, art. I, Const. of Wis., and with those of art. VII of the Amendments to the Constitution of the United States. *Avery v. Doane,* 1 Biss. 69.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

COLE, C. J. We perceive no error in the judgment in this case of which the defendant can complain. The action was originally brought to annul the marriage, which was void in law. See *Wheeler v. Wheeler,* 76 Wis. 631. The marriage was annulled, and the court proceeded to restore to the plaintiff the property which the defendant had received from her while they lived together as husband and wife. It is practically admitted that the defendant received $994.83 in various sums, from time to time, of her money. This money he used in and about his business, and the court charged him interest at the rate of seven per cent. on the different sums, as the money was received. It is objected that the defendant should not have been required to pay interest on this money, because it was not strictly " estate " which he received from her. The statute provides that the court, upon rendering a judgment annulling a marriage, may make provision for restoring to the wife the whole or such part as it shall deem just and reasonable of any estate which the husband may have received from her, or the value thereof. Sec. 2371, R. S. This, upon a former appeal, was held to apply to a case like the present, though the marriage was void in law. Now, when the husband has received the money of his wife, and has used it, why should he not restore it with interest? We certainly see nothing inequitable in charging him with interest, under such circumstances. Interest is an incident to the principal, which the defendant has had the benefit of. Presumably the defendant has made the

interest in the use of the money. It is therefore right and proper to require him to restore it with the principal which he received.

It appears that after the marriage the plaintiff carried on the business of buying and selling models and charts for female dresses. The referee and court found from the testimony that the net profit of this business was about $3,182. One half of this amount, subject to certain deductions, the court awarded the plaintiff, with interest thereon from the commencement of the suit. There is surely nothing unreasonable or unjust in that allowance. The defendant was given one half of the profits of the business, which was a most liberal compensation for the services he rendered in conducting it. This business, as the learned circuit judge observes, was her business, and, had the marriage been valid, she would probably have been entitled to all the profits of it, as her separate estate under the statute. Secs. 2343, 2344, R. S. Be this as it may, the court below was very liberal to the defendant in adjusting the matter, and we perceive no ground for disturbing the allowance which he made the plaintiff on this point. The defendant is a man of some property, and, if a divorce had been granted for a statutory cause, the court granting it would doubtless have adjudged the plaintiff as much alimony out of the defendant's property as she will now receive under the judgment which is appealed from. So in no view of the case do we see any ground for interfering with the amount which the court awarded to her, and the judgment is therefore affirmed.

*By the Court.*— Judgment affirmed.